IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| LAMONT CORBITT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO.  2:05cv58-T |
| ) | (WO) |
| AMERICAN FURNITURE ) | |
| MANUFACTURING, INC., *et al.*., ) | |
| ) | |
| Defendants. ) | |

ORDER

On February 22, 2006, the court heard oral argument on the motion to compel filed by American Furniture Manufacturing, Inc. (American) This is a product liability case involving a piece of furniture which caught fire allegedly resulting in the death of two persons.  The issue presently before the court is the sufficiency of some of the plaintiffs' answers to interrogatories propounded by American.[1]  In general, the plaintiffs responded to the interrogatories[2] by stating that they had no personal knowledge and that the information could be obtained from their experts.   Plainly, these responses are inconsistent with the applicable rule which provides that a party responding to interrogatories "shall furnish such information as is available to the party."  FED.R.CIV.P.

---

[1] The plaintiffs argue that the motion to compel is untimely because the time allowed for discovery has expired.  However, no order of the court sets any limit on when FED.R.CIV.P. 37 motions may be filed.  This case is set for trial on September 18, 2006; consequently, no party can claim prejudice by a "last minute" motion to compel.

[2] The interrogatories at issue are questions 7, 20-21 from American's first interrogatories and questions 2-12 of the second interrogatories.

33(a). Moreover, the questions appear to the court to seek information which is consistent with FED.R.CIV.P. 26(b)(1) which limits the scope of discovery to information relevant to a claim or defense. Under Alabama law, the plaintiff must prove *inter alia* that the product was sold in a defective condition unreasonably dangerous to the ultimate user, *Spain v. Brown & Williamson Tobacco Corp.*, 872 So.2d 101, 109 (Ala. 2003), and that a safer, practical, alternative design was available to the manufacturer at the time it manufactured the product. *See General Motors Corp. v. Jernigan*, 883 So.2d 646 (Ala. 2003).[3]

At oral argument, it became clear to the court that the underlying concern of American is to understand what is the basis of the plaintiffs' claim of defect and what their position will be a trial on the essential elements of their product liability claim. American is entitled to adequate responses to the interrogatories which are not objectionable merely because they request opinions or a statement of the plaintiffs' position or contentions. FED.R.CIV.P. 33(b).

American suggests that the plaintiffs should not be allowed to refer to their experts' deposition unless they specify which pages and line numbers at which the

---

[3] The existence of a safer, practical, alternative design must be proved by showing that: (a) The plaintiff's injuries would have been eliminated or in some way reduced by use of the alternative design; and that (b) taking into consideration such factors as the intended use of the [product], its styling, cost, and desirability, its safety aspects, the foreseeability of the particular accident, the likelihood of injury, and the probable seriousness of the injury if that accident occurred, the obviousness of the defect, and the manufacturer's ability to eliminate the defect, the utility of the alternative design outweighed the utility of the design actually used. *General Motors Corp. v. Jernigan,* 883 So.2d 646, 662 (Ala. 2003).

information sought may be found.  The rules, FED.R.CIV.P. 26 and 33, generally incorporate a reasonable duty to investigate.  However, the rules do not require the plaintiff to do American's analysis.  It is generally sufficient if the plaintiffs respond to the question propounded; it is not sufficient to make reference to the depositions of others.  Thus, the plaintiffs must provide their answers to the questions, not the answers of others.  FED.R.CIV.P. 33(a).  Accordingly, it is

ORDERED that on or before March 22, 2006, the plaintiffs shall provide responses to American's interrogatories in a manner consistent with this order by setting forth their contentions in sufficient, general detail so that American can properly discern their positions regarding their claims in this suit.[4]

Done this 22nd day of February, 2006.

       /s/Charles S. Coody
CHARLES S. COODY
CHIEF UNITED STATES MAGISTRATE JUDGE

---

[4] Of course, if those positions change prior to the September 2006 trial the plaintiffs should seasonably supplement their responses.